# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHETTA NOWDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. EDCV 17-00584-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On March 27, 2017, Richetta Nowden ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on July 12, 2017. On September 27, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff Richetta Nowden is a 54 year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on June 14, 2013, alleging disability beginning August 20, 2012. (AR 15.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 20, 2012, the alleged onset date. (AR 17.)

Plaintiff's claims were denied initially on November 7, 2013, and on reconsideration on February 21, 2014. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr., on May 7, 2015, in San Bernardino, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 15.) Vocational expert ("VE") David A. Rinehart also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on June 26, 2015. (AR 15-26.) The Appeals Council denied review on January 23, 2017. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ step five determination is supported by substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 20, 2012, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the lumbar spine with sciatica of the left leg; obesity; anxiety disorder; and depression. (AR 17-18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 18-19.)

The ALJ then found that Plaintiff had the RFC to perform a range of light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the following limitations:

> Lifting and/or carrying 15 to 20 pounds occasionally and 10 pounds frequently; standing, and/or walking for two to three hours out of an eight-hour workday, 15 minutes at a time; sitting for six hours out of an eight-hour workday; no more than frequent pushing or pulling with the upper and lower extremities; no more than frequent climbing, kneeling, balancing, crawling, or stooping; routine and repetitive tasks; no complex tasks; limited to SVP level 2, unskilled work; no interaction with the public; and only occasional non-intense, superficial interaction with coworkers and supervisors.

(AR 19-24.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible," which Plaintiff does not challenge here. (AR 21, 24.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a hospice home health aide. (AR 24-25.) The ALJ, however, also found that, considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform, including the jobs of assembler (small products) and electronics worker. (AR 25-26.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 26.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ carried the Commissioner's burden at step five of the sequential process to demonstrate that there are jobs in the national economy that Plaintiff can perform.

**A.     Relevant Law**

The Commissioner bears the burden at step five of the sequential process to prove that Plaintiff can perform other work in the national economy, given her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000); 20 C.F.R. § 416.912(g). There are two ways to meet this burden: (1) the testimony of a VE, or (2) reference to the Grids. Lounsburry, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant suffers only exertional limitations, the ALJ must consult the Medical-Vocational Guidelines ("Grids"), 20 C.F.R. § 404, Subpt. P, App. 2. Lounsburry, 468 F.3d at 1115. A nonexertional impairment, however, may limit the claimant's functional capacity in ways not contemplated by the Grids. Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999). Thus, when a claimant suffers from both exertional and nonexertional limitations, the ALJ must first determine whether the Grids mandate a finding of "disabled." Id. at 1116; Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989). If so, the claimant will be awarded benefits. Cooper, 880 F.2d at 1155. If not, the ALJ must use the Grids as a framework for decision-making in determining how much the nonexertional limitations limit the range of work permitted by the exertional limitations. Tackett, 180 F.3d at 1102. In such instances, the ALJ must obtain the testimony of a VE to determine if there are jobs in the national economy that the claimant can perform. Id. at 1102; Osenbrock, 240 F.3d at 1162.

Typically, the best source of how a job is generally performed in the national economy is the Dictionary of Occupational Titles ("DOT"). Pinto, 249 F.3d at 845. The DOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may accept VE testimony that varies from the DOT, but the record must contain "persuasive evidence to support the deviation." Id. The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and the DOT. SSR 00-4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000); Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or the DOT. Massachi, 486 F.3d at

1152-53.  Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify a variation from the DOT.  Id. at 1154 n.19.

**B.     Analysis**

Plaintiff has the severe medically determinable impairments of degenerative disc disease of the lumbar spine, with sciatica of the left leg; obesity; anxiety disorder; and depression.  (AR 17.)  Nonetheless, the ALJ assessed Plaintiff with the RFC for a reduced range of light work, limited to lifting and carrying 15 to 20 pounds occasionally and 10 pounds frequently, and standing and/or walking two to three hours out of an 8 hour workday, 15 minutes at a time.  (AR 19-20.)

The ALJ found that with the above RFC Plaintiff could not perform her past relevant work as a hospice worker.  (AR 24.)  At step five of the sequential process, however, the ALJ found that Plaintiff could not perform the full range of light work because of additional limitations that eroded the light occupational base.  (AR 25.)  To determine the extent that these limitations eroded the unskilled light occupational base, the ALJ asked the VE if jobs existed in the national economy that Plaintiff could perform.  (AR 25, 57-58.)  The VE testified that Plaintiff could perform the light work jobs of assembler, small products (DOT 206.684-022) and electronics worker (DOT 726.687-010).  (AR 25-26, 58.)

          1.     <u>Assembler, Small Products Job</u>

The DOT classifies the assembler, small products job as light, with an exertional level of up to 20 pounds occasionally.  (DOT 706.684-022.)  The physical demand requirements for this job are "in excess of those for Sedentary Work."  (Id.)  A job is in the light category when it requires a good deal of walking or standing.  (SSR 83-10, at *5.)

Sedentary work entails lifting no more than 10 pounds and standing and walking "no more than 2 hours of an 8-hour workday."  (Id.)  Plaintiff's RFC assesses a greater capacity of work than sedentary for Plaintiff.  Plaintiff's RFC found Plaintiff can lift 15 to 20 pounds occasionally, and stand and walk for 2 to 3 hours a day.  (AR 19-20.)  The VE testified that Plaintiff's RFC as assessed by the ALJ was light, "Not the full range, but certainly light."  (AR 59.)

Plaintiff contends that the VE's testimony as to the assembler, small products job lacks foundation. Plaintiff observes that the standing and walking limitation of 2-3 hours a day in Plaintiff's RFC is inconsistent with the DOT's specification for this job as light, which Plaintiff contends requires standing and walking up to 6 hours <u>for the full range of light work</u>. SSR 83-10, at *6. Plaintiff contends that the VE failed to explain the conflict between her RFC and the DOT.

The VE, however, testified that the assembler, small products job would be available notwithstanding the standing and walking limitations but the number of jobs would be reduced by 50%. (AR 58.) The VE explained that the number of assembler jobs must be reduced because of the standing and walking limitations in Plaintiff's RFC. (AR 58.) The VE then explained Plaintiff could perform half of the available jobs with her RFC, leaving a residual of 152,000 jobs nationally. (AR 58.) The VE plainly meant that half of the assembler jobs did not require 6 hours of walking and standing as would be true for the full range of light work. The ALJ asked the VE if his testimony was consistent with the DOT and the VE answered in the affirmative. (AR 58.) The Ninth Circuit has held that "[a] VE's recognized expertise provides the necessary foundation of his or her testimony. Thus, no additional foundation is required." <u>Bayliss</u>, 427 F.3d at 1218. Based on the VE's testimony, the ALJ specifically found that "after erosion of 50 percent of the total number of such positions <u>due to the above-defined standing and walking limitations</u>, there are approximately 302,700 [152,000] assembler positions in the national economy." (AR 25-26, 58.) The VE's explanation of any seeming variance from the DOT was sufficient. In fact, there is no conflict.

    2.  Electronics Worker Job

Any error as to the assembler, small products occupation, however, would be harmless because the ALJ found that Plaintiff also could perform the job of an electronics workers (DOT 726.687-010). (AR 26.) There are 32,700 such jobs in the national economy. (AR 26.) <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1042 (9th Cir. 2008) (finding ALJ error as to some jobs harmless because claimant could perform other work that exists in significant numbers in the national economy).

Plaintiff does not question the foundation of the VE's testimony as to the electronics worker job but argues that it should be labeled as sedentary because it is performed primarily in a seated position. (AR 58.) If the job was treated as sedentary, Plaintiff would be found disabled under Grid Rule 201.14 as of her 50th birthday. Plaintiff further argues that the light occupational base has been significantly eroded by the standing and walking limitations and that the lower Grid rule of 201.14 should be applied pursuant to SSR 83-12 Adjudicative Guidance.

Plaintiff cites SSR 83-10, at *5 which states that sitting for 6 hours would be sedentary but 83-10 also recognizes other differences, in particular the amount of lifting: light work is 15-20 pounds and sedentary work no more than 10 pounds. (Id. at *5-*6.) The VE testified that the electronics worker job is properly classified as light work because it requires a capacity to lift that was more than sedentary. (AR 60.) Plaintiff's RFC here allows lifting 15 to 20 pounds occasionally and precisely for that reason the VE found that Plaintiff could perform the electronics worker job. (Tr. 58-59.) Indeed, the VE described Plaintiff's RFC as "Not the full range [of light], but certainly light." (AR 59.) The light occupational base was not significantly eroded as Plaintiff contends. All electronic worker jobs require lifting of 20 pounds occasionally. After reducing the number of assembler jobs by half, the ALJ asked, "What about the electronics worker?" (AR 58.) The VE's response was, "No change." (AR 58.) Thus, there is no erosion in the light occupational base of 32,700 electronics worker jobs. Plaintiff's authorities are inapposite. Thus, the VE appropriately found that Plaintiff's ability to lift 15-20 pounds occasionally fits the requirements of the electronics worker occupation. The ALJ decision can be affirmed on the basis of this job alone. (AR 59.) Tommasetti, 533 F.3d at 1042.

The ALJ's fifth step determination that jobs exist in the national economy that Plaintiff can perform is supported by substantial evidence. The ALJ's nondisabilty determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 2, 2018

                                              */s/ John E. McDermott*
                                              JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE